UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DAVID WYNN** | **CASE NO. 2:22-CV-04641** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SOUTHERN FIDELITY INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM RULING**

Before the court is a Motion for Summary Judgment [doc. 23] filed by defendant Louisiana Guaranty Insurance Association ("LIGA"). The motion is unopposed. Doc. 26.

**I.**
**BACKGROUND**

This suit arises from alleged damage to plaintiff's home at 165 Summerwood Drive in Sulphur, Louisiana, during Hurricanes Laura and Delta. Plaintiff, who was then represented by counsel from the law firm of McClenny Moseley & Associates, filed suit in this court against Southern Fidelity Insurance Company on August 25, 2022, raising claims of breach of insurance contract and bad faith. Doc. 1. All cases filed by plaintiff's counsel were suspended due to concerns about misconduct committed by that firm. Docs. 4, 9. New counsel enrolled for plaintiff on July 10, 2023, and the stay was then lifted. Doc. 14. Meanwhile, Southern Fidelity became insolvent and LIGA was substituted as defendant. *See* doc. 16.

LIGA now moves for summary judgment, attaching a Policy Status Verification Request from Southern Fidelity. Doc. 23. This document shows that the property located

at 165 Summerwood Drive could not be located in Southern Fidelity's system. Doc. 23, att. 4. Accordingly, LIGA maintains that the insurer could not be liable for breach of contract or bad faith claims arising from plaintiff's alleged hurricane damages. Plaintiff has filed a notice of no opposition to the motion, reserving all rights against his former attorneys. Doc. 26.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

LIGA, as successor to Southern Fidelity, shows that the latter did not insure plaintiff's residence on the dates of loss. Plaintiff presents nothing to refute this evidence. Accordingly, there is no basis for finding a breach of contract based on Southern Fidelity's failure to compensate plaintiff for his hurricane losses. In the absence of a valid contractual claim, plaintiff's bad faith claims must also fail. *E.g.*, *Estate of Nicholson v. Farmers Ins. Co.*, 555 F.Supp.2d 671, 676 (E.D. La. 2008) (citing *Clausen v. Fidelity and Deposit Co. of Md.*, 660 So.2d 83, 85 (La. Ct. App 1st Cir. 1995)).

### IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 23] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of May, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE